# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56251-1-II |
| Respondent, | |
| v. | |
| BRETT MARSHALL BURNSON | UNPUBLISHED OPINION |
| Appellant, | |

LEE, J. — Brett M. Burnson appeals chemical dependency related community custody conditions imposed at resentencing, arguing that they are not crime related conditions. We affirm.

FACTS

In 2017, Burnson pleaded guilty to three counts of unlawful possession of a controlled substance, second degree identity theft, and second degree trafficking in stolen property. At sentencing, Burnson explained to the trial court that he had been self-medicating for mental health issues with controlled substances, "and so it's not shocking that we find ourselves here." Verbatim Report of Proceedings (VRP) (Jan. 27, 2017) at 22. The trial court noted that Burnson's background "explains the downward spiral that [his] life took and a large part of that due to the drugs that you sought to take away the pain or to mask it or to cope." VRP (Jan. 27, 2017) at 24-25. As part of Burnson's sentence, the trial court imposed chemical dependency related

community custody conditions including substance abuse evaluation, no contact with drug users or sellers, and no consuming or unlawfully possessing controlled substances.

In 2021, the trial court vacated Burnson's convictions for three counts of unlawful possession of a controlled substance pursuant to *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). At that time, Burnson also requested that the trial court modify his community custody conditions to remove any alcohol and drug related conditions because he would only be on community custody for the second degree identity theft charge. The State objected to modifying the community custody conditions, noting that when Burnson was arrested for this incident he told law enforcement that he had a drug problem and wanted to quit. The State also noted Burnson's 18-20 year drug history and argued that the conditions should remain unchanged. The trial court noted that Burnson had already been very successful with community custody and denied any further modifications to Burnson's sentence or community custody conditions.

Burnson appeals.

ANALYSIS

Burnson argues that the trial court erred by declining to modify his community custody conditions because the conditions are no longer crime related. We disagree.

We review de novo whether the trial court had statutory authority to impose community custody conditions. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). If the trial court acted within its statutory authority, we review the decision for abuse of discretion. *State v. Johnson*, 180 Wn. App. 318, 326, 327 P.3d 704 (2014).

Under RCW 9.94A.703(2)(c),[1] the trial court shall order an offender to refrain from possessing or consuming controlled substances, regardless of the offense, unless the condition is waived. Therefore, the trial court had the authority to impose this condition regardless of whether it was crime-related.

Under RCW 9.94A.703(3), the trial court has the discretion to impose the following community custody conditions:

> (b) Refrain from direct or indirect contact with the victim of the crime or a specified class of individuals;
> (c) Participate in crime-related treatment or counseling services;
> (d) Participate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community; [or]
> (e) Refrain from possessing or consuming alcohol.

Here, the trial court declined to modify the community custody conditions requiring Burnson to refrain from associating with known drug users or sellers, participate in substance abuse evaluation, and refrain from possessing or consuming alcohol. The record from Burnson's initial sentencing shows that his use of controlled substances contributed to all of his criminal behavior, not just possession of controlled substances. And the trial court had clearly determined that use of controlled substances contributed to his offenses. Therefore, the trial court did not abuse its discretion by refusing to modify the additional community custody conditions.

---

[1] Although there have been changes to RCW 9.94A.703 since Burnson's sentencing, there have been no changes to the portions of the statute cited in this opinion. Accordingly, we cite to the current version of the statute.

No. 56251-1-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, J.

Glasgow, C.J.